FILED
2019 Sep-10 PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CALVIN JAMES MARBURY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 4:18-cv-970-LCB ) |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On June 25, 2017 plaintiff filed a complaint seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g) (Doc. 1). Defendant filed an answer on October 15, 2018 (Doc. 8). On November 30, 2018 plaintiff filed a brief in support of disability and a motion to remand (Docs. 11 & 13). The case was stayed on December 27, 2018 due a lapse of government appropriations (Doc. 16). On January 28, 2019 the Commissioner filed a Memorandum in Support of Commissioner's Decision and response to plaintiff's motion to remand (Docs. 18 & 19). Therefore, this matter is ripe for review. For the reasons stated below, the final decision of the Commissioner reversed and remanded.

**I. BACKGROUND**

On June 11, 2015 plaintiff filed application for benefits under Title XVI for

supplemental security income (SSI) under the Social Security Act alleging March 1, 2015, as his onset of disability. On April 25, 2017 the administrative law judge ("ALJ"), Bruce W. MacKenzie, conducted a video hearing. The ALJ presided in Birmingham, Alabama and the plaintiff appeared in Gadsden, Alabama. (Tr. 26-38). Plaintiff, his attorney, and a vocational expert ("VE") were present at the hearing. (*Id.*) On October 3, 2017 the ALJ issued his decision. (*Id.*) In doing so, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled. (*Id.*) The ALJ made the following findings:

1. The claimant engaged in substantial gainful activity during the following periods: July 2016 through September 2016 (20 CFR 416.920(b) and 416.971 *et seq.*) (*Id.* at 28).

2. However, there has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity. (*Id.* at 29).

3. The claimant has the following severe impairments: status post non-ST elevation myocardial infarction; coronary artery disease; hypertension; history of mild degenerative joint disease of the right shoulder; and, borderline intellectual functioning (20 CFR 416.920(c)). (*Id.*)

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). (*Id.*)

5. After careful consideration of the entire record, the undersigned finds that the claimant has had the residual functional capacity, generally, to perform light exertional work as defined in 20 CFR 416.967(b). The

undersigned further finds, however, that the full range of light work that could be performed by the claimant is reduced by the following functional limitations: the claimant could frequently use right dominant hand controls. He can frequently reach overhead with the right dominant hand as well as frequently reach in all other directions with the right dominant hand. He can frequently climb ramps and stairs, but never climb ladders or scaffolds. He can frequently balance, stoop, crouch, kneel and crawl. He would be limited to hearing and understanding simple oral instructions and communicating simple information and he would be unable to provide written reports or analyze written materials. He is unable to make simple arithmetic calculations including transactions involving currency. The claimant should never be exposed to unprotected heights, dangerous machinery, dangerous tools, hazardous processes or operate commercial motor vehicles. The undersigned further finds that the claimant would be limited to simple tasks and simple work-related decisions. He would be unable to perform at production rate pace, but could do goal oriented work. In addition to normal workday breaks, he would be off-task 5% of an 8-hour workday (non-consecutive minutes). (*Id.* at 33).

6. The claimant is unable to perform any past relevant work (20 CFR 416.965). (*Id*. at 36).

7. The claimant was born on April 17, 1967 and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963). (*Id*.)

8. The claimant has a limited education and is able to communicate in English (20 CFR 416.964). (*Id*.).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). (*Id*.)

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)). (*Id.* at 37).

> 11. The claimant has not been under a disability, as defined in the Social Security Act, since June 11, 2015, the date the application was filed (20 CFR 416.920(g)). (*Id.* at 38).

Plaintiff requested review by the Appeals Council and submitted new evidence along with the request. The new evidence submitted is listed as a brief by counsel for plaintiff containing summaries of mental health treatment records for the period (8/13/15- 10/19/17) and a medical source statement of Dr. Huma Khusro dated October 19, 2017 (Tr. 4). The Appeals Council noted that plaintiff submitted a medical source statement by Dr. Khusro dated October 19, 2017, but did not consider and exhibit the statement finding that it did not ". . . show a reasonable probability that it would change the outcome of the decision." (Tr. 2). The Appeals Council denied the request for review on April 27, 2018 (Tr.1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015).

## II. DISCUSSION

The Social Security Act authorizes payment of disability insurance benefits and supplemental social security income to persons with disabilities. 42 U.S.C. §§ 423, 1381 (2012). The law defines disability as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§

404.1505(a), 416.905(a).[1]

## A. Standard of Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Winschel v. Comm'r of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. (internal citation and quotation marks omitted). "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, while the Court must scrutinize the record as a whole, the Court must affirm if the decision is supported by substantial evidence, even if the evidence preponderates against the Commissioner's findings. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264 (11th Cir. 2015); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## B. Five-Step Sequential Evaluation

The Social Security Administration has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in

---

[1] On January 18, 2017, the Social Security Administration significantly revised its regulations regarding the evaluation of medical evidence to determine a disability; those new regulations became effective on March 27, 2017. The ALJ's decision in this case was on October 3, 2017, and this Court must apply the new regulations. *See Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 n.6 (11th Cir. 2017) ("We apply the regulations in effect at the time of the ALJ's decision.").

evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1. Is the claimant engaged in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step. *Id.*

2. Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significant limits his or her ability to perform basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step. *Id.*

3. Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step. *Id.*

4. Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step. *Id.*

5. Even if the claimant cannot perform past relevant work, does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled. *Id.*

The claimant bears the burden of proof with respect to the first four steps. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). The burden then shifts to the Commissioner at the fifth step to prove the existence of jobs in the national economy that the claimant is capable of performing; however, the burden of proving lack of RFC always remains with the claimant. *Id.*

### C. Plaintiff's Allegations

Plaintiff alleges in his brief that the ALJ's finding of not disabled is erroneous for the following reasons:

1. The Appeals Council failed to review new, material, and chronologically relevant, post-hearing submissions solely because the records were dated after the date of the ALJ Decision, without considering if the submissions were chronologically relevant. Claimant had "good cause" for not submitting the submission to the ALJ because the submission did not exist;

2. The ALJ failed to accord proper weight to Dr. Prime, the treating physician, and failed to state good cause therefore;

3. The ALJ failed to state with at least "some measure of clarity" grounds for decision in repudiating the opinion of an examining psychologist;

4. Claimant meets Listing 12.05(B);

5. ALJ MacKenzie failed to obtain CED Mental Health treatment records;

6. Claimant meets Grid Rule 201.17; and

7. The denial was not based on substantial evidence.

(Doc. 11).

This is a mental impairment case. The plaintiff is a 51 year old male who filed this claim at age 48. The filing was precipitated by a motorcycle accident and heart attack which he alleges caused him severe mental health issues (Tr. 249). One medical source statement provided by the plaintiff shows a full scale IQ of 65, placing him in the intellectually disabled range (Tr. 344-345). Plaintiff argues that

7

due to his mental health issues he can no longer work at the RFC (light with restrictions) as opined by the ALJ. Further, plaintiff argues that he meets the mental health Listing for 12.05(B) according to 20 C.F.R. Part 404, Subpart P, Appendix1. 20 C.F.R. § 416.920(d) provides that "[w]hen your impairment(s) meets or equals a listed impairment in appendix 1. If you have an impairment(s) which meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience." Thus, if the plaintiff meets or equals a Listing at step three (3) he is disabled and the five-step evaluation ends.

D. **Analysis**

Upon examination of the ALJ's opinion in this case, the Court finds that the opinion is ambiguous and incomplete regarding the analysis of step three (3) as found in paragraph four (4) of the ALJ's opinion concerning listed impairments. First, there is an incomplete sentence at page six (6) of the opinion. Second, the pronouns on this page identify the claimant as a female rather than the proper male gender, leading the Court to question whether the facts, reasoning and rationale actually pertain to this claimant (Tr. 30). In this section the ALJ is analyzing whether the claimant meets or medically equals the mental impairment Listings of 12.02 and 12.05, as found in 20 C.F.R. Part 404, Subpart P, Appendix1 and the ALJ's conclusion was that he did not. In order to meet or equal a Listing there

must be a diagnosis consistent with the Listing and medical evidence must meet specific conditions; the claimant has a high bar to hurdle. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). The opinion is also incorrect as to the wages earned by the claimant in the year 2016. The ALJ states in the opinion that the claimant earned $4,563.00 in wages, however the wage information from Exhibit 6D as cited by the ALJ shows wages of $1,116.00 for the third quarter of 2016 (Tr. 182). This error will most definitely effect the ALJ's substantial gainful activity determination in paragraphs 1 and 2 of his opinion (Tr. 28-29).

In order for this Court to review an ALJ decision, it must be clear and unambiguous with regard to the analysis of the facts and the law. Our Circuit has held that an ". . . ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review." *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010). Further, an ALJ opinion must provide this Court with ". . . sufficient reasoning for determining that the proper legal analysis has been conducted. . ." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991), citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). This Court is not allowed to decide the facts anew, speculate, reweigh the evidence or substitute our opinion in place of the Commissioner. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004), citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983).

One misstatement of fact is harmless error,[2] but numerous misstatements and errors coupled with an incomplete thought prevent review by this Court.  Due to the fact that the opinion is ambiguous and incomplete, the Court finds that it is not supported by substantial evidence.

### III.  CONCLUSION

Based upon the foregoing, plaintiff's request to reverse and remand the decision of the Commissioner is GRANTED.  This case is hereby reversed and remanded to the Commissioner of the Social Security Administration for the Administrative Law Judge to correct and clarify his opinion.  During the pendency of this remand, the plaintiff will have the opportunity request reconsideration and present any new evidence at the administrative level.  A final judgment will be entered separately.

**DONE** this September 10, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[2] *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (Misstatement of fact about claimant's age was harmless error).